# ReedSmith
**Driving progress through partnership**

**Christopher A. Lynch**
Direct Phone:  +1 212 549 0208
Email:  clynch@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel: +1 212 521 5400
Fax: +1 212 521 5450
reedsmith.com

June 11, 2020

Honorable Nancy Hershey Lord
United States Bankruptcy Court for the
Eastern District of New York
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East -- Suite 1595
Brooklyn, New York 11201

**Re:**     *In re Vargas*__, Case No. 1-19-41081-nhl__

Dear Judge Lord:

This loss mitigation status report is submitted on behalf of Wells Fargo Bank, N.A. ("Wells Fargo"), as servicing agent for HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-10, a secured creditor of the Debtor.

As the Court is aware, Wells Fargo and the Debtor have finalized a loan modification agreement.  A Motion Approving the Loan Modification (the "Motion") *[ECF No. 59]* is currently pending before this Court, now returnable June 17, 2020.  At the May 13, 2020 hearing on the Motion, the Court expressed concern with respect to the interest rate of the modified loan of 6.375%, which is the same as the rate on the original loan.  Your Honor directed the undersigned to inquire of Wells Fargo whether a lower rate was possible.

I write to report to the Court that Wells Fargo is unable to reduce the interest rate of the loan modification offered to, and accepted by, the Debtor.  In determining whether a loan modification can be offered, the starting point is to determine whether an affordable loan payment may be achieved.  What qualifies as affordable with respect to a given borrower is measured against the financial information provided by the borrower, including income and any contributions that may be made by third persons.  To reach an affordable monthly payment, Wells Fargo has various "levers" that can be used.  These include waiving aspects of the outstanding indebtedness, deferring without interest a portion of the unpaid escrow and/or principal, and/or adjusting the interest rate.  In assessing this Debtor's application to determine whether an affordable modification could be achieved, Wells Fargo, among other things, waived $94,839.26 of unpaid interest accrued during this lengthy delinquency and deferred to the end of the term of the loan $86,500.00 of unpaid escrow amounts and a portion of principal.  This deferred amount will not accrue interest.  The result was an affordable monthly payment based on information provided by the Debtor.

If after achieving the loan modification goal of reaching an affordable payment Wells Fargo further reduced that payment by arbitrarily lowering the interest rate it would face claims of disparate treatment



from other borrowers who wished to make their payment "more affordable." While Wells Fargo appreciates that we presently exist in a low interest rate environment that may make the Debtor's interest rate on the high side, we believe that the loss mitigation process was a success here as the parties were able to agree on a loan modification that is affordable to the Debtor.

If there are any questions in advance of the hearing, please feel free to contact me.

Very truly yours,

*/s/ Christopher A. Lynch*

Christopher A. Lynch


CAL:rt

cc: Juan Ortiz, Esq. (*via ECF and email*)